UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAMELA S. QUEST, | § |
| | § |
| Plaintiff, | §   Cv. No. 5:13-CV-00506-DAE |
| | § |
| vs. | § |
| | § |
| BANDERA COUNTY, | § |
| | § |
| Defendants. | § |

ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; (2) GRANTING LEAVE TO FILE AMENDED COMPLAINT

On December 9, 2013, the Court heard oral argument on (1) the Motion to Dismiss for Failure to State a Claim filed by Defendant Bandera County, Texas. (Dkt. # 4 ("Motion to Dismiss").) Bruce J. Mery, Esq., and Sylvan Stephen Lang, Jr., Esq., appeared at the hearing on behalf of the Plaintiff; Scott M. Tschirhart, Esq., appeared at the hearing on behalf of Bandera County. After reviewing the motions' supporting and opposing memoranda, and considering the parties' arguments at the hearing, the Court **GRANTS IN PART** and **DENIES IN PART** Bandera County's Motion to Dismiss. (Dkt. # 4).

BACKGROUND

Plaintiff alleges Bandera County wrongfully terminated her from the position of Chief Deputy of Motor Vehicles for the Bandera County Tax

1

Assessor/Collector's Office on April 4, 2012.  (Dkt. # 3 ("FAC") at ¶ 6.)  Plaintiff alleges she had been employed by Defendant since 2006, and at all times of employment she "fully performed her employment duties and responsibilities," was "a productive and efficient employee," and was "qualified and able to perform the essential functions of her job."  (Id. at ¶ 5.)  On the day of her termination, Gwenda Tschirhart, the Bandera County Tax Assessor/Collector, told Plaintiff she was being terminated because Plaintiff "made a mistake on two title forms."  (Id. at ¶ 6.)  Plaintiff alleges in terminating her, Bandera County discriminated against her through its agent and employee, Gwenda Tschirhart, on the basis of Plaintiff's age.

On or about August 1, 2012, Plaintiff filed a written complaint with the Equal Employment Opportunity Commission ("EEOC") alleging Bandera County had discriminated against her on the basis of her age.  (Id. at ¶ 9.)  In March 2013, the EEOC issued a Right to Sue Letter, notifying Plaintiff that she had the right to sue Bandera County within ninety days of receipt of the notification.  (Id.)

On June, 11 2013, Plaintiff brought an action against Bandera County alleging a violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.  (See Dkt. # 1.)  On June 13, 2013, Plaintiff filed her First Amended Complaint ("FAC").  (Dkt. # 3.)  On July 12, 2013,

Bandera County filed its Motion to Dismiss Pursuant to Rule 12(b)(6).  (Dkt. # 4.)  On July 16, 2013, Plaintiff filed her Response in Opposition To Defendant's Motion To Dismiss Pursuant to F.R.C.P. 12(b)(6), And Alternative, Motion For Leave To File Second Amended Complaint.  (Dkt. # 5 ("Response").)  On July 24, 2013, Bandera County filed its Reply to Plaintiff's Response To Defendant's Motion to Dismiss Pursuant To F.R.C.P. 12(b)(6) And Response To Motion For Leave Of Court To File Second Amended Complaint.  (Dkt. # 6 ("Reply").)  These motions are now before the Court.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, the plaintiff should generally be given at least one chance to amend the complaint

4

under Rule 15(a) before dismissing the action with prejudice. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

## DISCUSSION

The ADEA makes it "unlawful for an employer to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish an age discrimination claim under the ADEA, the plaintiff must demonstrate she (1) suffered an adverse employment action; (2) was qualified for the position; (3) was within the protected class when the adverse action occurred; and (4) was replaced by someone younger or outside the protected class, treated less favorably than a similarly situated younger employee, or otherwise discharged because of her age. Maestas v. Apple, Inc., No. 12-51282, 2013 WL 5385478, at *3, __ F. App'x __ (5th Cir. Sept. 27, 2013) (citing Smith v. City of Jackson, Miss., 351 F.3d 183, 196 (5th Cir. 2003)). Under the statute, the protected class includes individuals who are at least forty years old. 29 U.S.C. § 631(a), 633a(a).

In its Motion to Dismiss, Bandera County argues Plaintiff (1) has failed to state a claim because Bandera County is not her employer, and (2) has failed to plead causation. (Dkt. # 4 at 3–4.)

I. <u>Whether Bandera County is the "employer" of Plaintiff as defined by the ADEA</u>

The ADEA statute defines the term "employer" as:

> "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . . The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States . . . ."

29 U.S.C. § 630(b).

Bandera County asserts that Gwenda Tschirhart, as the elected Tax Assessor/Collector of Bandera County, "had the ultimate hiring and firing authority over all of her employees, including Plaintiff." (Dkt. # 3 ¶ 6.) Because it did not have the authority to make the final decision regarding Plaintiff's employment with the Tax Assessor/Collector's office, Bandera County asserts it was "incapable of committing the unlawful employment practice alleged and the claim must be dismissed." (Id. at ¶ 7.)

First, Bandera County cites <u>Khan v. United Recovery Sys., Inc.</u>, Civ. H-03-2292, 2005 WL 469603, (S.D. Tex. Feb. 28, 2005), for the proposition that Plaintiff has an initial burden to show that Bandera County can be characterized as her "employer" as defined by statute. (<u>Id</u>. at ¶ 5.) That case, however, is not controlling. In <u>Kahn</u> the court held on summary judgment that the Plaintiff had an initial burden of proving that both entities could be characterized as her

6

"employer" when she sought to hold two companies liable under Title VII and the Texas Commission on Human Rights Act ("TCHRA") for the discrimination she allegedly suffered at one company. Khan, 2005 WL 469603, at * 7. The court noted that when determining whether two superficially distinct entities may be held liable under Title VII as a single employer, the Fifth Circuit employs a four-factor test. Id. The Khan court then analyzed the four factors to determine whether Plaintiff presented any competent summary judgment evidence proving that both entities could be characterized as her "employer." Id. at *7–8. In contrast, the Plaintiff here is not seeking to prove that two entities can be liable as a single employer. Regardless, Khan is distinguished because the motion before this Court is a motion to dismiss, not a motion for summary judgment.

      Next, Bandera County cites the Texas Labor Code for the definition of an "employer" in an employment discrimination claim under the Texas Commission on Human Rights Act ("TCHRA"). (Dkt. # 4 at ¶ 5.) Bandera County asserts Tschirhart, as an individual elected to public office, qualifies as an "employer" under the Texas Labor Code's definition. Further, Bandera argues that Tschirhart, because she had ultimate hiring and firing authority, is the proper "employer" for Plaintiff's ADEA claim—not Bandera County. (Id. at ¶ 5–7.) Here, however, Plaintiff does not assert claims pursuant to TCHRA, but instead

asserts claims under the Federal ADEA statutes.  Accordingly, the ADEA's definitions—not the TCHRA's—control.

The question of whether a person or entity is an "employee" or "employer" for purposes of the ADEA is a highly factual inquiry.  See Gunaca v. State of Tex., 65 F.3d 467 (5th Cir. 1995.) ("Our inquiry into the nature and circumstances of the employment relationship between [Plaintiff] and the former district attorney for the purpose of determining whether [Plaintiff] is exempt from the protection of the ADEA is highly factual.").  In Coleman v. New Orleans and Baton Rouge Steam Ship Pilots' Association, 437 F.3d 471 (5th Cir. 2006), the Fifth Circuit reviewed the district court's grant of summary judgment and analyzed whether two pilot associations were "employers" of member pilots under the ADEA's definition of "employer".   Ultimately concluding the associations were not "employers," the court conducted a fact-specific analysis noting the ADEA's definition of "employer" "provides little guidance in determining whether a particular entity is in fact an employer . . . ."  Id. at 479 (emphasis added).  Similarly, in Teneyuca v. Bexar Cnty., 767 F.2d 148, 152 (5th Cir. 1985), the Fifth Circuit determined an assistant district attorney was a member of the "personal staff" of the elected district attorney, but noted that the question of the relationship was fact-intensive and cautioned that its decision was based in large part on the plaintiff's failure to controvert the summary judgment evidence provided by the

8

district attorney.  Id. (noting, "the highly factual nature of the inquiry necessary to the determination of the 'personal staff' exception [to the ADEA's definition of "employee"] does not lend itself well to disposition by summary judgment").

At the hearing, Bandera County asserted the Fifth Circuit's decision in Gunaca v. Texas, 65 F.3d 467 (5th Cir. 1995), was controlling precedent and provided support for its arguments that Bandera County is not the proper employer for purposes of Plaintiff's ADEA claims.  The Court permitted the parties to submit supplemental briefing on the issue.  (Dkt. ## 18, 19.)

In Gunaca, a former Investigator with the El Paso District Attorney's Office filed an ADEA claim against the State of Texas, El Paso County, a County Judge, and the El Paso County District Attorney.  Id. at 468.  The district court granted summary judgment in favor of El Paso County and the County Judge on the grounds that neither was a proper party to the suit, and granted summary judgment in favor of the District Attorney, holding that investigators in the El Paso County District Attorney's Office are not "employees" for the purposes of the ADEA.  Id. at 469.  The Fifth Circuit affirmed, agreeing with the district court that Guanca fell within the "personal staff" exception in the ADEA.  Id. at 470.  The Court noted that § 630(f) of the ADEA excluded from its definition of "employee" "any person elected to public office in any State or political subdivision of any State . . . or any person chosen by such officer to be on such officer's personal

staff . . . ." Id. at 469–70 (quoting 29 U.S.C. § 630(f)). The Court performed a de novo review of six factors that courts employ in determining whether an employee falls within the "personal staff" exception of the ADEA and concluded that Gunaca, as an investigator with the elected District Attorney's office, qualified as a member of personal staff and was thus exempt from the ADEA's definition of "employee."

Bandera County argues the decision in Gunaca supports its argument that Bandera County is not Plaintiff's "employer" under the ADEA. Plaintiff responds that Bandera County's reliance on Gunaca is misplaced. The Court agrees with Plaintiff. First, Gunaca discussed the definition of "employee" under the ADEA—not "employer" as in the instant case—and discussed the application of the "personal staff" exception as to who may qualify as an "employee." Id. 470–73. Second, and more importantly, Gunaca was a review on a grant of summary judgment, not on a motion to dismiss. In fact, the Court made very clear that the "inquiry into the nature and circumstances of the employment relationship between Gunaca and the former district attorney for the purpose of determining whether Gunaca is exempt from the protection of the ADEA is highly factual." Id. at 473 (emphasis added). The Court further noted that the inquiry does not "lend itself well to disposition by summary judgment," but given "that most of the necessary facts are provided by statute or by Gunaca's testimony and summary

judgment evidence," the Court was able to determine the relationship. Id. Here, the Court does not have the benefit of testimony or competent summary judgment evidence. And while the statute itself provides a definition of "employer," there is no such "elected official exception" or "county official exception" to serve as guidance. Instead, this Court's review is constrained to the contents of the complaint and matters properly subject to judicial notice and we must construe the allegations in the Plaintiff's complaint as true in her favor. See Tellabs, 551 U.S. at 322.

In her First Amended Complaint, Plaintiff has alleged Bandera County is an "employer" as defined by the ADEA statute as "a person[1] engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 29 U.S.C. § 630(b). Bandera County certainly qualifies as an "employer" under the definition. Plaintiff further alleges that Tschirhart, as the Tax Assessor/Collector of Bandera County, is an employee and agent of Bandera County. (FAC at ¶ 6.) The ADEA's definition of employers specifically includes agents of those who qualify as employers in the above definition. See 29 U.S.C. § 630(b) (applying the definition of "employer" to "any agent of such a person").

---

[1] The term "employer" also includes "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." 29 U.S.C. § 630(b).

This Court must accept the Plaintiff's well-pleaded facts as true, viewing them in the light most favorable to her. See In re Katrina Canal Breaches Litig., 495 F.3d at 205.

The determination of whether Bandera County is the proper "employer" and whether Tschirhart is in fact an agent of Bandera County for purposes of Plaintiff's ADEA claim are fact questions that are not appropriate for adjudication on a motion to dismiss. See Pub. Health Equip. & Supply Co., Inc., v. Clarke Mosquito Control Prods., Inc., 410 F. App's 738, 741 (5th Cir. 2010) (noting questions of fact are not appropriate for resolution on a Rule 12(b)(6) motion to dismiss); see also Canales v. Jim Wells Cnty., No. C-12-171, 2012 WL 3262432, at *3 (S.D. Tex. Aug. 8, 2012) (denying judgment on the pleadings to a defendant in a claim under the Americans with Disabilites Act based on his arguments that he was not an "employer" as defined by statute and noting, "the Court is mindful that this case is presented as a motion for judgment on the pleadings and is not a motion for summary judgment on any affirmative defense").

Based on the foregoing, the Court **DENIES** Bandera County's Motion to Dismiss Plaintiff's ADEA claim on the basis that it is not the proper "employer."

II.     Failure to Plead Causation

Bandera County next asserts that Plaintiff has failed to plead any facts regarding why she was fired, instead asserting only "bare allegations that she was discriminated against because of her age" and has alleged "no facts to support her claims." (Dkt. #4 at ¶ 9, 11.) Specifically, Bandera County asserts Plaintiff has failed to plead causation—that Plaintiff was terminated because of her age.

In the FAC, Plaintiff asserts: "On April 4, 2012, Plaintiff was wrongfully terminated by Defendant's employee, Bandera County Tax Assessor/Collector, Ms. Gwenda Tschirhart. Plaintiff was told she was being terminated because the Plaintiff 'made a mistake on two title forms.' Defendant discriminated against Plaintiff through its agent and employee, Ms. Gwenda Tschirhart, due to Plaintiff's age." (FAC at ¶ 2.) The FAC further alleges: "Plaintiff was discriminated against and terminated by Defendant as a result of wrongful and illegal discrimination," and "[t]he termination of Plaintiff's employment by the Defendant and the Defendant's discriminatory selection of a younger person for hire in Plaintiff's place constitutes a willful and intentional violation of the Age Discrimination in Employment Act of 1967." (FAC at ¶ 10.)

Plaintiff fails to allege any factual matter to support her allegations, save for her assertion that she was told she was fired because she "made a mistake on two title forms." This assertion, however, fails to demonstrate how she was

discriminated against or otherwise discharged because of her age.  Further, she does not allege any facts to support her assertion that Bandera County selected a younger person to take her position.  Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff still must plead "specific facts, not mere conclusory allegations."  See Tuchman, 14 F.3d at 1067.  Here, Plaintiff merely alleges the elements of an ADEA claim, but she has not pled specific facts to support her allegations that she was discriminated against or otherwise discharged due to her age.  Plaintiff does not state "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Accordingly, the Court **GRANTS** Bandera County's Motion to Dismiss on that basis.

III.    Leave to Amend

      Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."  Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981).  Following the Supreme Court's guidance, the Fifth Circuit uses five factors to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of

the amendment.  Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Absent any of these factors, leave should be "freely given."  Foman, 371 U.S. at 182.

The Court recognizes the Plaintiff has previously amended her complaint.  However, the amendment was made only two days after her original complaint was filed, and as Plaintiff asserts in her Response, she filed her FAC to "simply attached copies of the Charge of Discrimination and Notice of Right to Sue, which were inadvertently not appended to the Original Complaint."  (Dkt. # 5 at ¶ 3.)

Because none of the five Foman factors applies in this case, the Court will allow Plaintiff an opportunity to file an amended complaint within thirty (30) days of the filing of this Order.  Failure to do so and to cure the pleading deficiencies will result in dismissal with prejudice of Plaintiff's ADEA claims.

## CONCLUSION

For the reasons given, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Bandera County's Motion (Dkt. # 4.)  The Court **DENIES** Bandera County's Motion to Dismiss on the basis that Bandera County is not the proper "employer" for purposes of an ADEA claim, and **GRANTS** Bandera County's Motion to Dismiss on the basis that Plaintiff has failed to plead sufficient facts to plausibly establish a claim under the ADEA.  The Court **DISMISSES**

**WITHOUT PREJUDICE** Plaintiff's ADEA claim against Bandera County.   It is

**FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint and that such amended complaint must be filed within thirty (30) days of the date this ordered is filed.

        **IT IS SO ORDERED.**

        **DATED**: San Antonio, Texas, December 26, 2013.

_____
David Alan Ezra
Senior United States Distict Judge